# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **MUHI EDDIN MAHMOUD STAIH,**<br><br>***Petitioner*,**<br><br>**v.**<br><br>**MARKWAYNE MULLIN, IN THEIR OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, IN THEIR OFFICIAL CAPACITY AS ACTING ATTORNEY GENERAL OF THE UNITED STATES; WARDEN/FIELD OFFICE DIRECTOR FOR ICE-EL PASO, IN THEIR OFFICIAL CAPACITY CUSTODIANS OVER THE PETITIONER; AND TODD LYONS, IN HIS OFFICIAL CAPACITY AS THE ACTING DIRECTOR OF IMMIGRATION AND CUSTOMS ENFORCEMENT;**<br><br>***Respondents*.** | § § § § § § § § § § § § § § § § § § § § § § § § | **No. 3:26-CV-01821-LS** |

**ORDER DISMISSING CASE**

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging Petitioner's detention by Immigration and Customs Enforcement ("ICE").[1] An immigration judge ordered Petitioner removed on April 20, 2026, with an amended removal order entered on June 12, 2026.[2] "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."[3] The Supreme Court holds, however, that detention

---

[1] ECF No. 1.
[2] ECF No. 1 at 7.
[3] 8 U.S.C. § 1231(a)(1)(A).

for up to six months to effect the deportation is presumptively reasonable.[4] "After this six-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."[5]

Petitioner filed the subject petition on July 6, 2026, within both the 90-day statutory removal period and the six-month period the Supreme Court deems presumptively reasonable. Moreover, his conclusory claim that "Petitioner's removal from the United States is not reasonably foreseeable in the immediate future"[6] fails because it is based on an assertion that ICE had not procured travel documents in the 24 days between the amended removal order and the filing of the subject petition, and well within both the 90-day statutory removal period and the six-month presumptively reasonable period.

For the foregoing reasons, Petitioner's habeas petition is **DISMISSED WITHOUT PREJUDICE**. All pending motions are denied. **THE CLERK SHALL CLOSE THIS CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on November 22, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[4] *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).
[5] *Id.*
[6] ECF No. 1 at 8.